## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **NORTH EAST INDEPENDENT SCHOOL DISTRICT** | § § § | |
| **Plaintiff,** | § § § | |
| **vs.** | § § | **CIVIL ACTION NO. 5:23-CV-0769** |
| **I.M. b/n/f/ BIANCA R.** | § § § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

North East Independent School District ("NEISD" or the "District"), Plaintiff, files this Original Complaint against I.M. b/n/f Bianca R., Defendant, as follows:

### 1.
### Jurisdiction and Venue

1.1     This action arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(2)(A). The Court has jurisdiction of this action under the IDEA, 20 U.S.C. § 1415(i)(3)(A).

1.2     Venue properly lies in this Court pursuant to the general venue statute, 28 U.S.C. § 1391(b).

### 2.
### The Parties

2.1     NEISD is a public school district in the State of Texas. NEISD was the Respondent in the administrative proceeding below.

2.2     I.M. is a student in NEISD who qualifies for special education services under the IDEA. Bianca R. is I.M.'s mother; both of whom were the Petitioners in the administrative proceeding below.

**3.**
**Nature of the Action and Relief Sought**

3.1     This is an action under the IDEA appealing the decision of a Special Education Hearing Officer ("SEHO"). Bianca R. filed a request for a special education due process hearing seeking (1) full-day Extended School Year ("ESY") services during the summer and lasting throughout the entire summer, (2) ESY services during any school break of over three days, (3) a transportation goal, and (4) an order requiring a GPS tracking device to be included in I.M.'s Individualized Education Program ("IEP").

3.2     After an evidentiary hearing, the hearing officer issued a decision on May 22, 2023, and determined NEISD failed to provide I.M. a free appropriate public education ("FAPE") by failing to provide necessary ESY services during certain extended school breaks and failing to provide I.M.'s voice output device ("VOD") throughout the entire calendar year. The SEHO ordered NEISD to provide ESY services from June 5, 2023, to August 3, 2023, exclusive of the week of July 3, 2023, for four hours per day, four days per week. The SEHO also ordered NEISD to provide year-round access to I.M.'s VOD.

3.3     The hearing officer's decision is erroneous as a matter of law, as it conflicts with applicable law. Additionally, the decision is not supported by the evidence presented in the hearing. As such, NEISD is entitled to an Order from this Court reversing and vacating those portions of the hearing officer's decision against NEISD.

# 4.
## Factual Background

4.1     I.M. is a student with Autism and an Intellectual Disability. He receives most of his educational services in a special education setting, along with related services such as speech, occupational therapy, and adapted physical education. His IEP includes a low staff-to-student ratio for learning new skills, guided practice, unstructured times, and transitions. I.M. has behaviors that impede learning and a Behavior Intervention Plan ("BIP") that addresses elopement. The ARD committee for I.M. met multiple times over a one and a half year period to develop an IEP that was highly individualized to meet I.M.'s demonstrated needs.

## A.     Annual ARD Dated September 27, 2021

4.2     The ARD meeting on September 27, 2021 was a continuation of an ARD meeting from April 2021. In the April 2021 ARD meeting the committee requested updated testing, and the parent requested an Occupational Therapy assessment. The September 2021 meeting reviewed those assessments.

4.3     In the April 2021 ARD meeting, the committee discussed I.M.'s elopements as occurring mostly during transitions. Parent noted progress in elopements. The teacher stated I.M. is shown a visual stop sign and is "easily redirected."

## B.  Annual ARD Dated April 12, 2022

4.4     The Committee met for I.M.'s annual ARD on April 12, 2022. In light of I.M.'s present levels and individualized needs, the ARD committee proposed and accepted new academic and behavior goals; developed a schedule for speech services, occupational

therapy, and adapted physical education; developed a BIP; and continued to include special education transportation in I.M.'s IEP.

4.5     To address elopement in the classroom environment, the BIP calls for setting well-defined limits, rules, and task expectations, providing a structured environment, and establishing a consistent routine. The ARD committee also increased the staff-to-student ratio for transitions.

4.6     Bianca R. stated she was pleased with the IEP and goals as well as the Student's academic progress over the 2021-2022 school year. The ARD deliberations state that Bianca R. "shared that she is really happy with the way that Mrs. Murphy and her assistant have been working with (I.M.) in regards to his elopement." Parent testified that I.M.'s teacher that year was a "great teacher." Parent also told the ARD committee the IEP goals were "great and age appropriate." Parent further stipulated in the hearing that their complaint was not "focused on the academic goals."

4.7     The ARD committee also discussed ESY and services were recommended based upon review of progress on IEP goals during the 2021-2022 school year. There was, and is, no dispute that I.M. would receive an educational benefit from ESY in order to reduce the potential loss of skills in regard to behavior and independence. The previous summer I.M. only received ESY services in the month of June. However, the ARD committee that year proposed ESY for a longer period of time, occurring from June 6-30, 2022, and July 11-21, 2022. While Bianca R. acknowledged that I.M. would benefit from those services, she indicated that she might decline due to ESY "not aligning with her work schedule" and hoped the District would "meet soon to discuss the possibility of changing

4

the ESY schedule to full day in the future so that families with working parents or single-parent households are accommodated."

**C.   May 16, 2022 Review ARD**

4.8     The ARD Committee met again on May 16, 2022 to re-visit ESY at Bianca R.'s request. Bianca R. expressed that she would like full-day ESY for June, July, and August because she believed I.M. regresses after breaks due to demonstrating an increase in unsafe behaviors such as "eloping, biting hands, [and] hitting doors or walls." Bianca R. also indicated I.M. was receiving part-time outside Applied Behavior Analysis ("ABA") services at the time, and even with half-day ABA, he regressed. The ARD committee reviewed I.M.'s current data and discussed that although he had made academic progress on his goals, there was some regression in terms of elopement after breaks; however, he made progress in terms of elopement during his first nine (9) weeks of school. The ARD committee continued to offer ESY for June and July, and NEISD offered to consider transportation to programs outside the home campus boundary but within NEISD's boundary to accomplish a full-day program to meet parent's scheduling needs. The meeting ended in disagreement.

**D.   May 24, 2022 Reconvene ARD**

4.9     The ARD committee reconvened on May 24, 2022 to revisit its offer for ESY and reviewed data from both parent and NEISD in the process. NEISD's representative, Crickett Sanders, asked parent if NEISD could speak to I.M.'s private providers in order to develop an individualized summer ESY program. Parent agreed so long as NEISD "agreed not to put their information on file."

4.10    After reviewing the campus data, the school-based members of the ARD committee noted that it did not substantiate a need for a full-day of ESY. NEISD continued to offer ESY services for four hours a day, four days per week from June 6-30, 2022, and July 11-21, 2022.

4.11    The ARD committee also proposed a formal Functional Behavior Assessment ("FBA") to ensure the school understood the function of the elopement behavior as well as an Occupational Therapy ("OT") evaluation to address Petitioner's sensory concerns. At the administrator's suggestion, NEISD also offered to meet again 4-6 weeks after the ESY services to review the data and FBA and make any necessary adjustments to the IEP.

4.12    I.M. attended NEISD's ESY program as recommended by the ARD committee for the summer of 2022.

**2022-2023 School Year**

4.13    I.M. began his first day of fourth grade on August 10, 2022 with a new special education teacher, Kelly Ragsdale. His former teacher, Murphy, collaborated with Ragsdale in preparation for her role and to ease the transition for her students, including I.M.

**E.    Review ARD Dated August 29, 2022**

4.14    The ARD committee met shortly into the new school year on August 29, 2022 for a review ARD at the parent's request. Bianca R. indicated that I.M. began to regress once ESY ended in terms of eloping, biting his hand, hitting objects, and toileting. I.M.'s teacher, Ragsdale, shared current data, which showed three elopements over the

course of fourteen (14) school days lasting no more than ten (10) seconds each, and that he had gone nine (9) school days without an elopement as of the date of the ARD. The ARD committee agreed to table the meeting so that they could review additional data the parent and advocate discussed at the meeting, and Bianca R. agreed to provide consent for NEISD to speak with I.M.'s private Board Certified Behavior Analyst ("BCBA") and private ABA therapist.

4.15    Bianca R. also expressed that elopements were occurring in the home and at the clinic. The ARD committee offered an in-home training ("IHT") evaluation to address elopement behaviors in the community, but the parent declined to sign consent for such prior to the reconvene meeting.

**F.      October 14, 2022 Review ARD**

4.16    The ARD committee met again on October 14, 2022 to discuss the FBA and the parent's request for additional supports. The Licensed Specialist in School Psychology ("LSSP") reviewed the FBA and discussed that elopement most often occurred during transition and that the hypothesized function of the behavior was sensory stimulation. Parent agreed.

4.17    The Committee also reviewed I.M.'s BIP in light of the FBA. In particular, a new goal was added to target elopement, and a token system was proposed to reduce elopement behaviors.

4.18    Parent discussed her concerns with respect to an elopement incident on the bus. The District's transportation staff responded by adding an additional buckle cover to

help reduce the behavior, and the ARD committee proposed the addition of a safety vest to the transportation supplement, but parent declined.

4.19 Ragsdale reported I.M. was doing much better during transitions at school and suggested reducing the staff-to-student ratio in his supplement from 2:1 to 1:1 for transitions. Bianca R. stated that she would wait to discuss the proposal during the reconvene meeting. The ARD committee then re-visited the offer for an IHT assessment in light of Bianca R.'s stated concerns of elopement across settings; Parent indicated she was already getting training twice per month from Twinkle Autism Therapy ("Twinkle"), a private provider, and that "her time [was] precious." She declined the IHT assessment.

4.20 Bianca R. asked what NEISD "was planning to do as Christmas break [was] coming up." ARD committee meeting attendee Brittaney Maldonado, NEISD's Program Coordinator, prepared a summary of data for the committee to review but she did not have the opportunity to present the data at the meeting because the parent stated she needed to reconvene for scheduling purposes.

**G.    November 4, 2022 Reconvene ARD**

4.21 The ARD committee reconvened the previously tabled meeting on November 4, 2022. The most immediate matter was to address the incident that occurred earlier in the week on October 31, 2022 where I.M. eloped from campus. Bianca R. had been provided the incident report and the campus had already added an additional locking mechanism to the push doors on the playground in response to the incident prior to the meeting. The parent indicated that I.M. was eloping across settings and was concerned about the upcoming winter break and possible regression.

4.22    Maldonado shared the data review with the committee, which included information from the previous 2021-2022 school year and the current 2022-2023 school year as well as information from the meeting with I.M.'s previous outside providers from The Autism Group and Twinkle. During the data review, Maldonado indicated that she had some concerns about how toileting had been tracked. In particular, parent shared in the meeting with Twinkle and NEISD that she had been giving I.M. MiraLax in order to address constipation. Maldonado also discussed I.M.'s toileting with Ragsdale and I.M.'s private provider, both of which indicated that he was not urinating or having bowel movements in his shorts; instead, he was experiencing some leakage from the medication and constipation. Parent stated in the meeting again that I.M. had a history of constipation.

4.23    The committee also addressed parent's concerns with respect to elopement on the bus. Based on Maldonado's investigation and discussion with transportation staff, there had only been one incident of elopement on September 29, 2022, which the committee discussed at the previous ARD and suggested the addition of a safety vest/harness to the transportation vest accordingly, which parent previously declined. The school-based members of the Committee proposed the addition of the safety harness once again. Parent agreed.

4.24    Maldonado shared that the data did not indicate that I.M. was demonstrating regression after school holidays that he was not recouping; to the contrary, the elopement data was trending downwards and indicated progress. The Speech Language Pathologist ("SLP") also indicated that I.M. was not regressing in his speech goals.

4.25    However, the data indicated that I.M was continuing to progress on his IEP goals and objectives, a fact *which was unchallenged by the parent*.

4.26    NEISD ultimately proposed continuation of summer ESY but not during the upcoming Thanksgiving and Winter holidays because the data did not support it. Parent responded that Maldonado was going to regret this decision. The meeting ended in disagreement, and NEISD received notice of the underlying complaint from the Texas Education Agency the following day.

**H.    Special Education Due Process Hearing**

4.27    The hearing took place on April 5-6, 2023.

4.28    The SEHO found I.M. regressed in toileting and elopement. For toileting, the SEHO attributed the break in services in summer 2022 for Student having toileting accidents on twenty of forty-two days during the 2022-23 school year.

4.29    In regard to the elopement, the SEHO stated that I.M. regressed when he returned to school in fall of 2022 after the summer break, eloping on at least three of the first ten days of school.

**5.**
**Claim for Relief—IDEA**

5.1    The SEHO's conclusion that NEISD denied I.M. a FAPE and he is entitled to relief is contrary to the law and the facts.

5.2    First, the SEHO acknowledges that whether a student received academic and non-academic benefit is one of the most critical factors in any analysis as to whether a student receives a FAPE. However, the SEHO focused exclusively on only two non-

academic areas in his decision, such as elopement and toileting. There is no consideration given to academic benefits, of which parent does not even challenge, and the evidence was that I.M progressed and mastered his IEP goals. The SEHO also fails to consider other instances of non-academic benefit such as student's participation in Special Olympics and interactions with peers. Plaintiff asks the court to consider academic benefits and non-academic benefits in the determination of whether it provided I.M. a FAPE.

5.3     Second, the SEHO finds NEISD failed to individualize I.M.'s IEP based on assessment and performance. The SEHO stated NEISD "failed to consider all potential behavioral strategies" but does not mention anywhere in the decision that NEISD offered – twice – to conduct an in-home training assessment to parent to address elopement, an offer which the parent declined. The SEHO also omitted from the decision another behavioral strategy which was the ARD committee's decision to increase the staff-to-student ratio for transitions.

5.4     I.M.'s IEP was individualized in many other ways such as the district's approval of transportation for I.M. outside of district boundaries, and the ARD committee's discussion of structural modifications to the playground to address off-campus elopement.

5.5     The decision that the IEP was not individualized also conflicts with findings of fact made by the SEHO, including the NEISD's consultation with the Student's private providers, strategies to address elopement on the school bus, and conducting a Functional Behavior Assessment. Plaintiff asks the court to consider all of the strategies offered to the family of I.M. to address the elopement in the consideration of whether I.M.'s IEP was sufficiently individualized.

5.6     Third, the SEHO defines elopement as a critical skill without application of the state rules defining a "critical skill" for Extended School Year services determinations. A critical skill is defined in 19 Tex. Admin. Code § 89.1065(4), yet the SEHO does not find that any of the critical skill standards are met such that I.M. required more ESY services than what were determined by the ARD committee. Plaintiff asks the court to apply the state definition of critical skill, which is consistent with the IDEA's requirements.

5.7     Fourth, the SEHO mentions I.M. regressed in toileting but gives zero consideration or mention to the fact that the parent stated I.M. has been constipated and due to this she gives a laxative every other day and sees an increase in accidents.

5.8      Fifth, the SEHO's finding regarding the VOD is in error. Parent attempted to raise multiple issues during the hearing that were not included in the Complaint. The party requesting a due process hearing may not raise issues during hearing that were not included in the complaint, unless the other party agrees otherwise. 34 C.F.R. § 300.508(b). NEISD has not made any agreement and the only issues proper for review are those expressly raised in the parent's complaint. NEISD requests a determination that the SEHO's determination of this issue was an error as it was neither raised in the complaint, nor did NEISD agree to this issue being raised.

**6.**
**Prayer**

6.1     NEISD prays that the Court receive the records of the administrative proceedings as required by the IDEA and award it the following relief:

(1)     enter a judgment reversing and vacating the hearing officer's decision to the

extent it was against NEISD, and find that NEISD provided I.M. with a free appropriate public education as required by the IDEA;

(2)    enter a judgment reversing and vacating the portion of the hearing officer's decision that found I.M. was entitled to relief;

(3)    enter a judgment in favor of NEISD denying all relief ordered by the hearing officer and declaring that I.M. is not a prevailing party entitled to an award of attorney's fees; and

(4)    award NEISD any other and further relief as the Court determines is appropriate.

Respectfully submitted,
**SCHULMAN, LOPEZ,**
**HOFFER & ADELSTEIN, LLP**

_____
Ricardo R. Lopez
State Bar No. 24013059
Email: rlopez@slh-law.com
Christopher H. Schulz
State Bar No. 24060576
Email: cschulz@slh-law.com
Alyssa L. Sandersen
State Bar No. 24081277
Email: asandersen@slh-law.com
845 Proton Road
San Antonio, Texas 78258
Telephone:    210-538-5385
Fax:              210-538-5384
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2023, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing

to the attorney of record for Defendant, namely:

Sonja D. Kerr
Catherine Michael
Connell Michael Kerr, LLP
9600 Great Hills Trail, Suite 150W
Austin, Texas 78759
Email: sonja@cmklawfirm.com
       catherine@cmklawfirm.com

_____
Attorney for Plaintiff