IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NORTH EAST INDEPENDENT SCHOOL DISTRICT, | § § § | |
| *Plaintiff,* | § § | SA-23-CV-00769-DAE |
| vs. | § § § | |
| I.M. B/N/F BIANCA R., | § § | |
| *Defendant.* | § § | |

## ORDER

Before the Court in the above-styled cause of action are the following three motions, which were referred to the undersigned for disposition: Plaintiff's Motion to Accept Additional Evidence [#21], Defendant's Motion to Strike Plaintiff's Designation of Testifying Experts and to Exclude Expert Witness Testimony [#28], and Defendant's Motion to Exclude Plaintiff's Expert [#30].  The Court held a hearing on the motions on this day, at which counsel for both parties appeared via videoconference.  At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order.  For the reasons that follow, the Court grants Plaintiff's motion to accept additional evidence but denies Defendant's motions to exclude Plaintiff's expert.

## I.  NEISD's Motion to Accept Additional Evidence

This case is an appeal of an administrative decision by a Special Education Hearing Officer ("SEHO") in favor of minor student I.M., a student who qualifies for special education services due to autism and an intellectual disability.  After an evidentiary hearing, the SEHO concluded that Defendant North East Independent School District ("NEISD") failed to provide

I.M. a free appropriate public education ("FAPE") in violation of the Individuals with Disabilities Education Act ("IDEA") and ordered NEISD to provide Extended School Year services to I.M. during the summer of 2023.  NEISD filed this suit appealing the SEHO decision, arguing it is legally erroneous and unsupported by the evidence presented at the hearing and seeking an order reversing and vacating the decision.  I.M. (by and through his mother as next friend) counterclaimed against NEISD, seeking attorney's fees under the IDEA as the prevailing party in the administrative proceedings.

The parties have filed cross motions for summary judgment before the District Court on both the issue of whether I.M. received a FAPE from NEISD and whether I.M. is entitled to attorney's fees in the amount requested or whether the fee request should be reduced based on I.M.'s relative success in the administrative proceedings and the parties' settlement negotiations. These motions are fully briefed and ripe for a ruling by the District Court.  If the District Court rules for NEISD on the first issue raised in its motion for summary judgment, it would not need to reach the second issue and the motions pending before the undersigned would be rendered moot.  However, as that motion remains pending, the undersigned will resolve the referred motions.

NEISD has moved for the Court to consider additional evidence outside of the administrative record.  The evidence NEISD is seeking to submit is a three-page investigatory letter from the Department of Justice ("DOJ") to NEISD dated October 24, 2023, regarding a complaint filed with the U.S. Attorney's Office by I.M.'s parents after the SEHO hearing, alleging a violation of the Americans with Disabilities Act ("ADA").  The complaint alleged that the staff at an after-school program discriminated against I.M. on the basis of disability by

refusing enrollment, canceling enrollment, and/or failing to accommodate him and other children with Autism Spectrum Disorder or similar disabilities.

The IDEA provides that, when reviewing an administrative decision under the IDEA, the Court (i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate. 20 U.S.C. § 1415(i)(2)(C). "Although the statute states that the Court shall hear additional evidence at the request of the parties, several circuits have held that limits exist to the extent of additional evidence that a party may submit to the reviewing court under this 'additional evidence' provision." *Marc V. v. N. E. Indep. Sch. Dist.*, 455 F. Supp. 2d 577, 587 (W.D. Tex. 2006), *aff'd sub nom. Marc V ex rel. Eugene V v. N. E. Indep. Sch. Dist.*, 242 Fed. App'x 271 (5th Cir. 2007) (reviewing caselaw). The Fifth Circuit has not yet construed the "additional evidence" clause of the IDEA, but other Circuits agree that the IDEA gives courts discretion in determining whether to hear evidence from outside the administrative record. *See id.* at 588–89.

I.M. opposes the inclusion of the DOJ letter as additional evidence, arguing that the letter is not relevant to the issues before the Court, as there was not an ADA claim pending before the SEHO during the administrative proceedings. NEISD argues the letter is nonetheless relevant to I.M.'s counterclaim for attorney's fees because the parties' settlement negotiations bear on the reasonableness of I.M.'s fee request. Specifically, NEISD argues that its settlement offer (which offered no-cost enrollment in the same afterschool program addressed in the DOJ letter), if accepted, would have provided I.M. with better relief than what was obtained from the SEHO.

At the Court's hearing, NEISD confirmed that the inclusion of the DOJ letter in the evidentiary record for the District Court would not require supplementation of the parties'

3

summary judgment motions. NEISD simply takes the position that the inclusion of the DOJ letter in the record is an efficient means of demonstrating that there is an additional related claim pending that NEISD was trying to address through its settlement offer. After hearing the arguments of the parties at the hearing, the undersigned suggested that the District Court be permitted to determine whether to consider the additional evidence, and I.M. rescinded her opposition to the motion and agreed that this was the best course. The Court will therefore grant NEISD's motion, and the District Court may exercise its own discretion to determine whether the DOJ letter bears on the issues raised in the motion for summary judgment and the ultimate determination on I.M.'s counterclaim for attorney's fees.

## II.  I.M.'s Motions to Strike NEISD's Expert

I.M. has filed two motions pertaining to NEISD's expert, Jose L. Martin, who has been designated as an expert on the attorney's fees claimed by I.M. in his counterclaim. I.M.'s first motion [#28] seeks the exclusion of Mr. Martin on the basis that NEISD's designation of Mr. Martin was untimely under the Court's Scheduling Order. The Court will deny this motion. The Scheduling Order set an expert-designation deadline of November 8, 2023, for parties asserting claims for relief and a deadline of November 22, 2023, for parties resisting claims of relief. On November 21, 2023, NEISD designated only one expert—Mr. Martin—to testify on the attorney's fees claimed by I.M. and whether they are reasonable and necessary. Mr. Martin's expert report demonstrates that he is presenting an opinion solely on I.M.'s counterclaim. Therefore, for purposes of this expert, NEISD is a party resisting a claim for relief and timely filed its expert designation under the Court's Scheduling Order.

I.M.'s second motion [#30] challenges NEISD's designation of Mr. Martin under Federal Rule of Evidence 702 and the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals,*

*Inc.*, 509 U.S. 579 (1993).  Rule 702 requires that expert testimony "assist the trier of fact." Under *Daubert*, expert testimony is admissible only if the proponent demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the suit; and (3) the evidence is reliable.  *See Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997).  Although I.M.'s motion states that he is challenging both Mr. Martin's qualifications to render an expert opinion on attorney's fees and the reliability of his proposed testimony, I.M. clarified at the Court's hearing that he is not contesting the expert is qualified.

As to I.M.'s reliability challenge, *Daubert* sets forth four specific factors that the trial court should ordinarily apply when considering the reliability of scientific evidence: (1) whether the technique can or has been tested; (2) whether it has been subjected to peer review or publication; (3) whether there is a known or potential rate of error; and (4) whether the relevant scientific community generally accepts the technique.  509 U.S. at 592–93.  "The proponent need not prove that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable."  *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). The Federal Rules of Evidence were amended after the Supreme Court issued its decision is *Daubert* to provide that a witness "qualified as an expert . . . may testify . . . in the form of an opinion . . . if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."  *See Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting Fed. R. Evid. 702).

When expert testimony is challenged under *Daubert*, the burden of proof rests with the party seeking to present the testimony under a preponderance of the evidence standard.  *Moore*, 151 F.3d at 276.  Notwithstanding the testing of an expert's qualification, reliability, and

admissibility, "the rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702, Adv. Comm. Notes (2000). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. A district court enjoys broad discretion in determining the admissibility of expert testimony, and such decisions will not be disturbed on appeal unless a ruling is "manifestly erroneous." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997).

NEISD has satisfied its burden to establish the reliability of Mr. Martin's proposed expert testimony on I.M.'s counterclaim for attorney's fees. Mr. Martin is a licensed attorney who is a founding partner at the law firm Richards, Lindsay, and Martin in Austin, where his practice focuses on disability issues, litigation affecting school districts, and special education litigation under the IDEA and the ADA. Mr. Martin's C.V. demonstrates that he has extensive experience litigating cases on behalf of school districts throughout Texas, consulting with Departments of Education across the country, and speaking on topics related to special education and the IDEA. In rendering his opinion, he reviewed the SEHO decision, IM's complaint at the administrative level, various declarations filed on behalf of IM, the offers of settlement of the parties in the administrative proceedings, and other documents in the administrative record.

Mr. Martin opines in his expert report that I.M. is a prevailing party under the IDEA but that the requested fees should be reduced significantly because I.M. did not obtain all the relief he sought in the administrative proceedings and I.M. would have obtained more favorable results had he accepted NEISD's settlement offer. After reviewing Mr. Martin's expert report and the parties' briefing and hearing the arguments of counsel at the Court's hearing, the Court finds that I.M.'s motion is not a true reliability challenge. I.M. could not identify any purported defect in

Mr. Martin's methodology or the reliability of his methods in opining on I.M.'s counterclaim for attorney's fees.  Instead, the parties simply disagree as to what occurred at the administrative level, how to view the relief awarded by the SEHO as compared to the relief sought by I.M., and whether a reduction of fees is warranted.  Moreover, this is not a case to be tried before a jury.  The merits of NEISD's appeal will be decided based on the administrative record by the District Court based on the parties' cross motions for summary judgment.  Accordingly, the primary purpose of Rule 702 and *Daubert*—ensuring reliable expert testimony is presented to a jury—is not implicated.  The District Court may consider Mr. Martin's expert report and afford it whatever weight the Court determines it deserves.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Accept Additional Evidence [#21] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will accept and consider the additional evidence attached to NEISD's motion [#21-1].

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Designation of Testifying Experts and to Exclude Expert Witness Testimony [#28] is **DENIED**.

**IT IS FINALLY ORDERED** that Defendant's Motion to Exclude Plaintiff's Expert [#30] is **DENIED**.

SIGNED this 24th day of January, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE