IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NORTH EAST INDEPENDENT SCHOOL DISTRICT, | § | No. 5:23-CV-769-DAE |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| I.M. B/N/F BIANCA R., | § | |
| Defendant. | § | |

ORDER ADOPTING REPORT AND RECOMMENDATIONS
OF THE MAGISTRATE JUDGE

Before the Court is a Report and Recommendations ("the Report") submitted by United States Magistrate Judge Elizabeth S. Chestney. (Dkt. # 78.) The parties have not objected to the Report. The Court finds this matter suitable for disposition without a hearing. After reviewing the Report, the Court **ADOPTS** Judge Chestney's recommendations and **GRANTS IN PART** Defendant's Motion for Attorney's Fees and Costs. (Dkt. # 73.)

BACKGROUND

The Court recites the background facts as stated by the Magistrate Judge. (Dkt. # 78.) This case is an appeal of an administrative due-process decision by a Special Education Hearing Officer ("SEHO") in favor of Defendant, minor student I.M. ("Defendant"), a student who qualifies for special

education services due to autism and an intellectual disability. (Id.) After an evidentiary hearing, the SEHO concluded that Plaintiff, North East Independent School District ("NEISD"), failed to provide Defendant a free appropriate public education ("FAPE") in violation of the Individuals with Disabilities Education Act ("IDEA") and ordered NEISD to provide Extended School Year services to Defendant during the summer of 2023. (Id.) NEISD filed this suit appealing the SEHO decision on June 19, 2023, arguing it is legally erroneous and unsupported by the evidence presented at the hearing and seeking an order reversing and vacating the decision. (Id.) Defendant (by and through his mother as next friend) counterclaimed against NEISD, seeking attorneys' fees under the IDEA as the prevailing party in the administrative proceedings.

The District Court affirmed the SEHO decision, concluding that NEISD denied Defendant an IDEA-appropriate education. (Dkt. # 51.) The District Court's order awarded Defendant attorneys' fees in the amount of $29,622.52, including $21,537.52 to Attorney Kerr and $8,085 to Attorney Muñiz, for fees incurred during the administrative proceedings. (Dkt. # 78.) NEISD filed a motion to alter or amend the judgment in its favor, which the District Court denied. (Dkt. #62.) NEISD then appealed the judgment to the Fifth Circuit Court of Appeals. (Dkt. # 78.) The Fifth Circuit affirmed the District Court's judgment in favor of Defendant and ordered NEISD to pay

Defendant the costs on appeal. (Dkt. #71.) Defendant's Amended Motion for Fees and Costs seeks fees Defendant incurred successfully defending against NEISD's appeal of the administrative hearing decision in this Court and against NEISD's appeal of the District Court's judgment to the Fifth Circuit. (Dkt. # 73.)

On January 29, 2026, the Court referred Defendant's Amended Motion for Fees and Costs to Magistrate Judge Chestney. On February 6, 2026, NEISD filed its Response. (Dkt. # 75.) NEISD filed an Amended Response on February 11, 2026. (Dkt. # 76.) On February 12, 2026, Defendant filed his Reply. (Dkt. # 77.) On July 13, 2026, Magistrate Judge Chestney entered a Report and Recommendation related to Defendant's Motion for fees and costs recommending Defendant's Motion be granted in part. (Dkt. # 78 at 11.) Magistrate Judge Chestney recommended that Defendant recover $100,287.50 in fees and costs to Attorney Muñiz and $6,570.01 to Attorney Attwood. (Id.) Judge Chestney also recommended that this Court incorporate its award of $21,537.52 to Attorney Kerr and $8,085 to Attorney Muñiz into a final judgment. (Id.) Finally, Judge Chestney recommended this Court order NEISD to compensate Defendant his reasonable attorneys' fees by providing payment to Defendant in the amount of $136,480.03 plus post-judgment interest within thirty days after entry of such award by this Court. (Id.) Neither party filed objections to the Report by Magistrate Judge Chestney.

DISCUSSION

Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Reports for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After careful consideration, the Court adopts the Magistrate Judge's Report. The Court finds the Magistrate Judge's conclusions: (1) that Defendant be awarded **$100,287.50** in fees and costs to Attorney Muñiz and **$6,570.01** to Attorney Attwood; (2) that this Court incorporate its award of **$21,537.52** to Attorney Kerr and **$8,085** to Attorney Muñiz into a final judgment; and (3) that this Court order NEISD to compensate Defendant his reasonable attorneys' fees by providing payment to Defendant in the amount of $136,480.03 plus post-judgment interest within thirty days after entry of such award by this Court are reasonable and absent of clear error. Therefore, the Court determines that the Magistrate Judge's conclusions and recommendations are neither clearly erroneous nor contrary to law.

Accordingly, the Court **ADOPTS** the Report by the Magistrate Judge as the opinion of the Court. (Dkt. # 78.) The Court **GRANTS IN PART** Defendant's Motion for Attorney's Fees and Costs, **GRANTING** Defendant **$100,287.50** in fees and costs to Attorney Muñiz and **$6,570.01** to Attorney Attwood. (Dkt. # 73.) The Clerk's Office is **INSTRUCTED TO ENTER JUDGMENT** accordingly and it is further **ORDERED** that this Court's prior

award (Dkt. # 52) of **$21,537.52** to Attorney Kerr and **$8,085** to Attorney Muñiz shall hereby be incorporated into that judgment. It is further **ORDERED** that NEISD shall compensate Defendant his reasonable attorneys' fees by providing payment to Defendant in the amount of $136,480.03 plus post-judgment interest within thirty days after entry of the above judgment. Thereafter, the Clerk's Office is **INSTRUCTED TO CLOSE THE CASE**.

**IT IS SO ORDERED.**

**DATE:** San Antonio, Texas, August 17, 2026.

David Alan Ezra
Senior United States District Judge